MORRISON et al. v. UNITED STATES.

WOLFF et al. v. SAME.

(Circuit Court of Appeals, Second Circuit. January 7, 1898.)

Nos. 54 and 55.

CUSTOMS DUTIES—CLASSIFICATION—GLASS BEADS STRUNG.
Glass beads strung, of two kinds, one consisting of small brown beads, which were a poor imitation of the precious stone known as "cat's eye," and the other of larger size, and also an imitation of precious stones, *held* to have been dutiable as "imitations of precious stones composed of paste or glass, not exceeding one inch in dimensions, not set," under paragraph 454 of the act of 1890, and not as manufactures of glass not specially provided for under paragraph 108.

These were appeals taken, respectively, by E. A. Morrison & Son and H. Wolff & Co. from a judgment of the circuit court affirming a decision of the board of general appraisers which affirmed the action of the collector in the classification for duty of certain imported merchandise.

Albert Comstock, for appellants.

Jas. T. Van Rensselaer, for the United States.

Before LACOMBE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. In the year 1891, E. A. Morrison & Son imported into the port of New York two invoices of glass strung beads not exceeding one inch in dimensions, of two different kinds. One kind consisted of small brown beads, which were a very poor imitation of the precious stone known as "cat's eye," which were used principally in the millinery trade for trimming, or for trimming ladies' garments, and were popularly styled "jewels" or "jewel stones." The second kind consisted of larger beads than those of the first class, which were also strung, and were imitations of precious stones, and did not exceed one inch in dimensions, and were used for trimming, and were also called "jewels." In 1893 and 1894, H. Wolff & Co. imported into the port of New York sundry invoices of glass strung beads, not exceeding one inch in dimensions, which were imitation pearl beads, and were called by that name, or were called "wax beads," or "Roman beads," and were used for necklaces or for trimming. All these articles have been long commercially known as beads. The collector assessed a duty of 60 per cent. ad valorem upon all of these goods, under paragraph 108 of the tariff act of 1890, which was as follows:

"Thin blown glass, blown with or without a mold, including glass chimneys and all other manufactures of glass, or of which glass shall be the component material of chief value, not specially provided for in this act, sixty per centum ad valorem."

The importers protested that the goods were dutiable under paragraph 454 of the same act, which imposed a duty of 10 per cent. ad valorem upon "imitations of precious stones composed of paste or glass, not exceeding one inch in dimensions, not set." The board of general appraisers sustained the collector, and the circuit court affirmed the decision of the board upon the articles now in question, whereupon the importers appealed to this court. The cases were tried together upon substantially the same record.

"Glass beads, loose, unthreaded, or unstrung," are dutiable at 10 per cent. ad valorem, under paragraph 445 of the act of 1890. There is no duty specifically placed upon glass strung beads, and it is conceded that the merchandise in question was excluded from classification under paragraph 445, and that, unless it was dutiable under paragraph 454, it was properly classified by the collector, under paragraph 108, as manufactures of glass not specially provided for. The articles were, in both popular and in commercial language, beads. The two Morrison importations, which were used for trimming, were also called, apparently for convenience sake, "jewels," but this subname has no bearing upon the classification for tariff purposes. The term "imitations of precious stones" is not a commercial term, and has no especial commercial meaning. All these articles were in fact imitations of precious stones, and are known to be such by the people who deal in them. The term, "imitations of precious stones, unset," implies that there were imitations which were set; that is, made into or arranged as ornaments or imitation jewelry. A natural suggestion is that the two Morrison importations were to be exclusively used for trimming ladies' hats or apparel, and were not to be set into ornaments for the person; but there can be no practical tariff distinction between imitations of precious stones, made of glass or paste, unset, which are to be set into articles of jewelry, and those imitations which are to be used as ornaments upon ladies' hats or apparel. Inasmuch as the only glass beads which are named in the tariff act are unstrung beads, these strung beads are not classified by name, and their position for tariff purposes must be within some paragraph of general description. The only two paragraphs that can be discovered which describe them are Nos. 454 and 108. They are imitations of precious stones, composed of glass or paste, of the designated size, and are unset, and they are manufactures of glass, and, if not specially provided for, must fall into the general receptacle for glass articles which have escaped other classification. But adequate provision seems to have been made for them by the terms of paragraph 454. The decision of the circuit court, so far as it related to the articles in question, is reversed.